IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN MULLICAN and<br>KELLEY MULLICAN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>   CASUALTY COMPANY,<br><br>Defendant. | Case No. CIV-23-160-J<br><br>*(Removed from Oklahoma County<br>District Court, No. CJ-2022-5083)* |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Oklahoma County, State of Oklahoma, to the U.S. District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs commenced this action entitled *Stephen Mullican and Kelley Mullican v. State Farm Fire and Casualty Company*, Case No. CJ-2022-5083 (the "Action"), by filing a Petition with the District Court of Oklahoma County, State of Oklahoma, on October 14, 2022. *See* **Ex. 1**, Pet. Plaintiffs transmitted the Petition and a summons to the Oklahoma Insurance Commissioner, and State Farm's registered service agent received the Petition and summons on February 6, 2023. *See* **Ex. 2**, Notice of Service of Process (including Summons).

2. The Petition purports to state claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim).

32978067_1

3. The Petition in the Action is attached as **Exhibit 1**. A copy of the Summons to State Farm is attached as part of **Exhibit 2**. A copy of the Return of Service filed by Plaintiffs in state court is attached as **Exhibit 3**. A copy of the entry of appearance filed by Plaintiffs' counsel is attached as **Exhibit 4**.

4. A copy of the Docket Sheet, Oklahoma County, Case No. CJ-2022-5083, is attached as **Exhibit 5** (as of February 15, 2023). State Farm is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-4. Moreover, there are no motions pending before the Oklahoma County District Court in this matter; nor are any hearings currently set.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because State Farm has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

**I.   State Farm has satisfied the procedural requirements for removal.**

6. The Petition and Summons were served on State Farm via its registered service agent on February 6, 2023.[1] Because this Notice of Removal is being filed within

---

[1] The Notice of Service of Process indicates that the Petition and Summons were received by the Oklahoma Insurance Commissioner on January 30th (*see* **Ex. 2**, Notice of Service of Process), while the Return of Service filed by Plaintiffs indicates that the Petition and Summons were received by the Oklahoma Insurance Commissioner on January 27th (*see* **Ex. 3**, Return of Service). And State Farm's registered service agent was not served until February 6th. *See* **Ex. 2**, Notice of Service of Process. State Farm's deadline to remove this action is 30 days from service on State Farm's chosen agent, not from service of a statutory agent like the Oklahoma Insurance Commissioner. *See Denny v. Ill. Nat'l Ins. Co.*, No. 10-CV-676-CVE-TLW, 2010 WL 5141656, at *3-4 (N.D. Okla. Dec. 13, 2010). Regardless,

thirty days of service of the Petition and Summons on State Farm, it is timely under 28 U.S.C. § 1446(b). *See Denny,* 2010 WL 5141656, at *5 (holding that "[i]t is the actual receipt by the defendant [of service] that controls for purposes of § 1446(b)" rather than receipt of the same by the Insurance Commissioner).

7. Under 28 U.S.C. § 1446(a), the U.S. District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County where the Action is pending. *See* 28 U.S.C. § 116(c).

8. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. The Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (B) between citizens of different states. Thus, the Action may be removed to this Court by State Farm pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

10. It is apparent from the face of the Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* **Ex. 1**, Pet. ¶ 43 (alleging that "the Mullicans have sustained financial losses and have been damaged in an amount more than Seventy-Five Thousand ($75,000.00), exclusive of attorneys' fees, costs, and all

---

State Farm's removal is timely because it is being filed within 30 days of the earliest of these dates. *See* 28 U.S.C. § 1446(b)(1).

interest allowed by law"); *id.* at p. 9 (seeking, as part of Plaintiffs' Prayer for Relief, "[a]ctual and punitive damages in an amount more than Seventy-Five Thousand Dollars ($75,000.00)").

11.     The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2).

### B.     Complete diversity of citizenship exists between Plaintiffs and State Farm.

12.     Plaintiffs assert that they "own the property made the basis of this suit located at 6000 Country Ridge Ln., Newalla, Oklahoma." **Ex. 1**, Pet. ¶ 1. However, Oklahoma County property records indicate that they are not now owners of that property.[2] *See* **Ex. 6**, Oklahoma County Assessor Public Access System Record (retrieved Feb. 15, 2023). Upon information and belief from reports run on Plaintiffs culled from public and commercially available records by Defendant's counsel, Plaintiffs are both current residents of Shawnee, Oklahoma.

13.     Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief—and regardless of whether Plaintiffs continue to reside in

---

[2] Voter registration records show both Plaintiffs still are registered to vote based on the Oklahoma County (Newalla) address.

Oklahoma County or now reside in Pottawatomie County—Plaintiffs are citizens of Oklahoma for diversity-jurisdiction purposes.

14. State Farm is incorporated in Illinois with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm is therefore a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

15. Therefore, for purposes of determining subject-matter jurisdiction, Plaintiffs are citizens of Oklahoma and Defendant is a citizen of Illinois, and complete diversity exists as between them.

16. State Farm reserves the right to amend or supplement this Notice of Removal.

17. State Farm further reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiffs' Petition pursuant to Rule 81(c)(2).

18. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, State Farm removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
McAfee & Taft A Professional Corp.
Eighth Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
andrew.morris@mcafeetaft.com

*and*

Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:    (918) 587-0000
Facsimile:    (918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***