

CJ-2022-5083
Timmons

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 14 2022

RICK WARREN
COURT CLERK

109 _____

| | |
|---|---|
| STEPHEN MULLICAN AND KELLEY MULLICAN, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) Case No. CJ-2022-5083 ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

### PLAINTIFFS' ORIGINAL PETITION

**COMES NOW** the Plaintiffs, STEPHEN MULLICAN and KELLEY MULLICAN (hereinafter the "Mullicans"), and for their causes of action against Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as "Defendant") and hereby states as follows:

### STATEMENT OF FACTS

1. The Mullicans own the property made the basis of this suit located at 6000 Country Ridge Ln., Newalla, Oklahoma 74857-8339 (the "Property").

2. Defendant is an insurance company formed under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. Defendant can be served with process by serving the Oklahoma Commissioner of Insurance, Glen Mulready, at the Oklahoma Insurance Department at 400 NE 50th Street, Oklahoma City, Oklahoma 73105.

3. The Mullicans entered into a contract for insurance with Defendant to provide coverage for their Property.

4. The Mullicans entered into an insurance policy with Defendant who designated

EXHIBIT 1

1

the policy as Policy No. 36-BA-T910-7 (the "Policy").

5. The Policy went into effect on November 1, 2019 and expired on November 1, 2020 (herein referred to as the "Policy Period").

6. The Policy protects the Mullicans' Property from direct physical damage from certain perils including fire.

7. Defendant represented to the Mullicans that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. The Mullicans relied on said representations.

8. During the Policy Period, on or about October 15, 2020, the Property was severely damaged as a direct result of accidental direct physical loss caused by fire.

9. The Property sustained catastrophic fire damage, which originated in or around the kitchen, resulting in burned walls and roof framing, burned roof shingles and burned elevation finishes, along with severe interior fire, smoke and or water damage to the entire dwelling. The dwelling is a total loss, widely burned, and has open sky visible from inside some rooms due to the fire.

10. As a result of the fire, the Mullicans' personal property inside the dwelling was a total loss as well.

11. The Mullicans immediately submitted a claim to Defendant, for Property damage sustained by the covered hail, wind, and rainstorm and soon thereafter provided a satisfactory proof of loss. Defendant assigned the Claim number 36-12N4-32Q (the "Claim").

12. Despite the large amount of covered damage to the Property Defendant

improperly adjusted the loss by failing to pay the full amount due for additional living expenses ("ALE"), personal property damage, debris removal, and damage to dwelling. Defendant also improperly adjusted the Claim by applying the incorrect depreciation amount to the Property.

13. Defendant offered an initial amount of $5,850 for ALE despite the Mullicans making a claim for more than double that amount.

14. Despite the initial payment by Defendant, no additional ALE has been paid by Defendant even though the Property is a complete loss due to the fire and the Mullicans were forced to live elsewhere incurring additional living costs.

15. Additionally, Defendant failed to record all of the covered damage to the Property and did not properly estimate the reasonable and necessary amount to return the Property to its pre-loss condition.

16. In response to Defendant's failure to properly adjust the Claim, the Mullicans retained a professional engineer to inspect the Property and document the covered damage found, the cause of such damage, and the date the damage occurred.

17. The Mullicans' engineer found a large amount of damage to the house from the fire was left unpaid by Defendant.

18. For example, the engineer found that the dwelling had multiple curved windows that would require complete replacement along with the adjacent siding in order to return the Property back to its pre-loss condition.

19. However, Defendant omits the curved windows in its estimate despite being an obvious feature of the house and large repair and replacement cost, and also fails to include the siding that would be required to properly repair and replace the

windows.

20. Shortly after receiving the engineer's report, the Mullicans provided Defendant with the report which included the engineer's findings, photographs of covered damage to the Property, and review of Defendant's estimate for damages to the Property. Additionally, Defendant was provided a list of contents that were damaged in the fire. But despite the information provided to Defendant, Defendant failed to pay the full amount owed under the Policy, and wrongfully demand more information from the Mullicans despite already having the necessary information to make a claims decision and pay the full amount owed under the Policy.

21. Instead of investigating the Claim further based on the new information, Defendant caused further delay and merely denied further payment was owed on the Claim.

22. Defendant failed to perform a proper inspection of the Property and as a result improperly denied and underpaid the Mullicans' Claim.

23. Defendant and its adjusters assigned to the claim prepared a report that failed to include all the damages sustained by the Property and undervalued the damages observed during the inspection.

24. Defendant and its adjusters' unreasonable investigation led to the underpayment and denial of the Mullicans' Claim.

25. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of the Mullicans' Claim, which resulted in a biased, unfair, and inequitable evaluation of the Mullicans' losses on the Property.

**STATUTORY AUTHORITY**

26. Pursuant to 12 O.S. § 2004(F), this Court has personal jurisdiction over Defendant.

27. Venue is proper in Oklahoma County Under 12 O.S. § 134 because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

28. Further, the Mullicans' causes of action are protected under 12 O.S. § 100 as this new action is being commenced within one year from the Mullicans' voluntary dismissal without prejudice of these claims which occurred on March 22, 2022.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

29. The Mullicans adopt and incorporates by reference paragraphs 1 through 28 above as if fully plead herein, and for further claims against Defendant, alleges as follows:

30. The Mullicans entered into a contract for insurance with Defendant to provide coverage for the Property.

31. At all times material hereto, the Policy of insurance, Policy No. 36-BA-T910-7, was in full force and effect.

32. The Mullicans provided timely and proper notice of their Claim of property damage arising from a fire that occurred during the Policy Period.

33. The Mullicans have complied with the terms and conditions and all conditions precedent under the policy of insurance.

34. This notwithstanding, the Defendant, has breached its contractual obligations under the terms and conditions of the insurance contract with the Mullicans by

failing to pay the Mullicans all benefits owed under the Policy.

35. As a result of Defendant's breach of contract, the Mullicans have sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION

## TORTIOUS BAD FAITH

36. The Mullicans adopt and incorporate by reference paragraphs 1 through 35 above as if fully plead herein, and for further claims against the Defendant and alleges as follows:

37. Defendant owed a duty to the Mullicans to deal fairly and act in good faith.

38. Defendant breached its duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

   a. Arbitrarily disregarding evidence provided to Defendant by the Mullicans that tended to show Defendant's basis for denial for additional payment was wrong such as disregarding the Mullicans' engineer report and data, and other evidence of insurance benefits owed under the policy.

   b. Ignoring the Mullicans' claim for ALE expenses despite the Property being a complete loss and the Mullicans being forced to incur additional costs.

   c. Placing the burden of investigation of the Claim on the Mullicans.

   d. Failing to pay the full and fair amount for the property damage sustained

by the Mullicans caused by the fire that occurred during the Policy Period in accordance with the terms and conditions of the Policy.

e. Failing to pay all additional coverages due and owing to the Mullicans under the terms and conditions of the Policy.

f. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally, and repeatedly withholding benefits and coverages due and owing to the Mullicans under the terms and conditions of the Policy.

g. Wrongfully, intentionally, and repeatedly failing to communicate all coverages and benefits applicable to the Mullicans' Claim.

h. Forcing the Mullicans to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the Policy.

i. Failing to conduct a fair and objective investigation of the damage to the Mullicans' Property.

j. Intentionally engaging in an outcome-oriented investigation.

k. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Mullicans and others similarly situated insureds as a cost-saving mechanism.

39. Defendant's obligations to the Mullicans arise from both the express written terms under the Policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

40. Defendant's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

41. Defendant's conduct is a material breach of the terms and conditions of the Policy entered into with the Mullicans and constitute bad faith.

42. As a direct and proximate result of Defendant's unfair claims handling conduct, the Mullicans' Claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant.

43. As a result of Defendant's conduct, the Mullicans have sustained financial losses and have been damaged in an amount more than Seventy-Five Thousand ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

44. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of the Mullicans, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

45. The Mullicans further allege Defendant enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Mullicans.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendant for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy for damage to their Property caused by a wind/hail events and weather or other covered events that occurred during the Policy Period with interest on all amounts due;

b. Disgorgement of the financial benefits derived by Defendant as a direct

result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c. Actual and punitive damages in an amount more than Seventy-Five Thousand Dollars ($75,000.00); and

d. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

Terry M. McKeever
OBA No. 21751
tmm@fylaw.com
S. Alex Yaffe
OBA No. 21063
ay@fylaw.com

**FOSHEE & YAFFE**
P.O. Box 890420
Oklahoma City, Oklahoma 73189
Telephone:    (405) 632-3033
Facsimile:    (405) 632-3036

**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**