# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN MULLICAN and KELLEY MULLICAN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 5:23-cv-160-J<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

For its Answer to Plaintiffs' Petition [ECF No. 1-1], Defendant State Farm Fire and Casualty Company ("State Farm") denies each and every allegation contained therein unless specifically admitted below. State Farm more specifically states as follows:[1]

## ALLEGED STATEMENT OF FACTS

1. Denied.

2. Plaintiffs' allegations in ¶ 2 include a legal conclusion to which no response is required. To the extent a response is required, State Farm admits, that it is a foreign insurance company incorporated in Illinois with its principal place of business located in

---

[1] The numbered paragraphs in this Answer correspond and respond to the numbered paragraphs in the Petition [ECF No. 1-1]. State Farm has utilized versions of Plaintiffs' headings from the Petition herein for navigational purposes only and no admission is intended from use of versions of Plaintiffs' headings.

Illinois, and that it is authorized to do business, and does business, in the State of Oklahoma. Except as admitted, denied.

3. State Farm admits that it issued Policy No. 36-BA-T910-7 to Plaintiffs subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof (together, the "Policy"). State Farm admits that it issued the Policy for the period of November 1, 2019, to November 1, 2020 (the "Policy Period"). The Policy speaks for itself. Except as admitted, denied.

4. State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

5. Plaintiffs' allegations in ¶ 5 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

6. Plaintiffs' allegations in ¶ 6 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

7. State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. State Farm lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation regarding which alleged representations Plaintiffs relied upon and, as such, denies Plaintiffs' allegation. *See* Fed. R. Civ. P. 12(b)(5). Except as admitted, denied.

8. State Farm admits that Plaintiffs made an insurance claim for a fire-caused loss with an alleged date of loss on or about October 15, 2020. Except as admitted, denied.

9. State Farm admits that Plaintiffs made an insurance claim for a fire-caused loss. Except as admitted, denied.

10. State Farm admits that Plaintiffs made an insurance claim for a fire-caused loss which included alleged damages to personal property. Except as admitted, denied.

11. State Farm admits that Plaintiffs made an insurance claim for a fire-caused loss with an alleged date of loss on or about October 15, 2020 which was reported to State Farm on October 15, 2020. Except as admitted, denied.

12. Denied.

13. State Farm admits that it issued a payment for $5,850 to Plaintiffs for additional living expenses on or about May 6, 2021. Except as admitted, denied.

14. State Farm admits that it issued a payment for $5,850 to Plaintiffs for additional living expenses on or about May 6, 2021. Except as admitted, denied.

15. Denied.

16. State Farm lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation regarding the specific reasons for which they hired any persons and, as such, denies Plaintiffs' allegation. *See* Fed. R. Civ. P. 12(b)(5). Except as admitted, denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## ALLEGED STATUTORY AUTHORITY

26. Plaintiffs' allegations in ¶ 26 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it is not challenging this Court's ability to exercise personal jurisdiction over the parties based on the allegations included in Plaintiffs' Petition [ECF No. 1-1]. Except as admitted, denied.

27. Plaintiffs' allegations in ¶ 27 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it is not

challenging that venue is proper in this Court based on the allegations included in Plaintiffs' Petition [ECF No. 1-1]. Except as admitted, denied.

28. Plaintiffs' allegations in ¶ 28 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation and, as such, denies Plaintiffs' allegation. *See* Fed. R. Civ. P. 12(b)(5). Except as admitted, denied.

## PLAINTIFFS' FIRST ALLEGED CAUSE OF ACTION
### Alleged breach of contract

29. State Farm incorporates its responses to the foregoing paragraphs as if restated fully herein in response to ¶ 29 in the Petition [ECF No. 1-1].

30. State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

31. Plaintiffs' allegations in ¶ 31 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

32. Plaintiffs' allegations in ¶ 32 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that Plaintiffs made an insurance claim for a fire-caused loss with an alleged date of loss on or about

October 15, 2020 which was reported to State Farm on October 15, 2020. Except as admitted, denied.

33.     Plaintiffs' allegations in ¶ 33 constitute a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that it issued the Policy to Plaintiffs for the Policy Period, subject to all terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations thereof. The Policy speaks for itself. Except as admitted, denied.

34.     Denied.

35.     State Farm admits that Plaintiffs are seeking in excess of $75,000 in this lawsuit. State Farm expressly denies that Plaintiffs are entitled to the relief sought. Except as admitted, denied.

### PLAINTIFFS' SECOND ALLEGED CAUSE OF ACTION
**Alleged tortious bad faith**

36.     State Farm incorporates its responses to the foregoing paragraphs as if restated fully herein in response to ¶ 36 in the Petition [ECF No. 1-1].

37.     Plaintiffs' allegations in ¶ 37 constitute a legal conclusion to which no response is required.

38.     Denied, including denial of each allegation stated in sub-paragraphs (a) through (k) thereunder.

39.     Plaintiffs' allegations in ¶ 39 constitute a legal conclusion to which no response is required. To the extent a response is required, denied.

40.     Denied.

41. Denied.

42. Denied.

43. State Farm admits that Plaintiffs are seeking in excess of $75,000 in this lawsuit. State Farm expressly denies that Plaintiffs are entitled to the relief sought. Except as admitted, denied.

44. Denied.

45. Denied.

## **ALLEGED PRAYER FOR RELIEF**

State Farm denies that Plaintiffs are entitled to the relief sought in the "WHEREFORE" paragraph following ¶ 45 of the Petition [ECF No. 1-1], as well as the relief sought in sub-paragraphs (a) through (d) thereunder. State Farm requests that the Court:

    a. Dismiss Plaintiffs' Petition with prejudice;

    b. Enter judgment against Plaintiffs; and

    c. Grant State Farm its costs, attorneys' fees, and such other relief as may be just and equitable, or as required by law.

## **AFFIRMATIVE AND/OR OTHER ADDITIONAL DEFENSES**

Without assuming any burden or obligation other than that imposed by operation of law, State Farm asserts the following affirmative and/or other additional defenses to the claims set forth in Plaintiffs' Petition [ECF No. 1-1] and reserves the right to seek leave to

amend or supplement these defenses and/or to assert a counterclaim against Plaintiffs as discovery and further investigation warrant.

1. Plaintiffs have not stated claims that are cognizable under Oklahoma law and have failed to state claims upon which relief can be granted.

2. Plaintiffs' claims are barred because they cannot establish the elements of each of their purported claims, or the alleged conduct does not satisfy the elements.

3. Plaintiffs' claims are barred because State Farm acted in accordance with the terms, conditions, exclusions, and limitations of the coverage, if any, provided to Plaintiffs.

4. Plaintiffs' claims are barred because they did not present State Farm with a loss insured by the coverage, if any, provided to Plaintiffs.

5. At all times, State Farm acted in good faith and in accordance with the applicable laws in effect at the time and based on the then-existing information made available to it by Plaintiffs.

6. Plaintiffs cannot show that State Farm's conduct was unreasonable in any material respect and/or that there was not a legitimate dispute over the coverage of loss, amount of damages, value of claims, and/or scope or causation of claimed damages under the coverage, if any, provided to Plaintiffs.

7. Plaintiffs' claims are barred by applicable provisions in the coverage, if any, provided to Plaintiffs, including but not limited to all definitions, terms, conditions, limitations, exclusions, amendments, and deductibles, and other limitations therein that apply by virtue of facts which may become known during the course of discovery or further investigation.

8. Plaintiffs' claims fail because Plaintiffs did not present adequate documentation in support of their request for payment.

9. Plaintiffs' claims may be barred by the applicable statute of limitations, wavier, release, and/or laches.

10. Plaintiffs' claims may be barred, in whole or in part, by payment, accord and satisfaction, offset/setoff, and/or recoupment.

11. Plaintiffs' claims may be barred, in whole or in part, by their failure to cooperate with State Farm in the investigation and/or settlement of their claim during claims handling.

12. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to satisfy the pre-conditions and/or conditions precedent and/or other similar required elements of the coverage, if any, provided to Plaintiffs.

13. Plaintiffs' claims are barred, in whole or in party, by the doctrine of unclean hands.

14. Plaintiffs have not suffered any damages.

15. Plaintiffs have failed to mitigate their damages, if any.

16. Plaintiffs' claimed damages are not of the nature or to the extent alleged.

17. Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' damages were caused by Plaintiffs and/or other parties or third parties over whom State Farm has no control and for which State Farm is not responsible.

18. Plaintiffs are not entitled to attorneys' fees or other costs.

19. Plaintiffs' request for punitive damages fails for the following reasons:

(a) Plaintiffs fails to state a claim for which a viable remedy is punitive damages;

(b) State Farm did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred;

(c) Plaintiffs are not entitled to punitive damages under 23 Okla. Stat. § 9.1 and case law interpreting the same;

(d) Punitive damages are not recoverable from State Farm as a matter of law;

(e) Due to the lack of clear standards, the imposition of punitive damages against State Farm would be unconstitutional under the doctrines of vagueness and overbreadth;

(f) Plaintiffs' demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and

(g) Plaintiffs' claim for punitive damages may violate the provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses to the extent it allows the jury to consider harm to third parties in violation of the Fourteenth

Amendment and *Philip Morris USA v. Williams*; to the extent Plaintiffs seek to recover punitive damages, in an amount which is unconstitutionally excessive, such damages would violate Article II, §§ 7 and 9, of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

20.   State Farm asserts all rights to indemnification and contribution available to it and the ability to attribute any fault, damage, or loss to any other party or non-party.

21.   State Farm asserts all forms of tort reform available under Oklahoma law, including but not limited to all damages caps available in Titles 12 and 23 of the Oklahoma Statutes and any other applicable caps or limitations to damages available by contract, by Oklahoma law, or by due process limitations.

        Respectfully submitted,

        *s/ Andrew J. Morris*
        Andrew J. Morris, OBA #31658
        Garrett J. Reed, OBA #35205
        McAfee & Taft A Professional Corp.
        Eighth Floor, Two Leadership Square
        211 North Robinson Ave.
        Oklahoma City, OK 73102
        Telephone:    (405) 235-9621
        Facsimile:    (405) 235-0439
        andrew.morris@mcafeetaft.com
        garrett.reed@mcafeetaft.com

        *and*

        Jessica L. Dickerson, OBA #21500
        McAfee & Taft A Professional Corp.
        Williams Center Tower II
        Two West Second Street, Suite 1100
        Tulsa, Oklahoma 74103
        Telephone:    (918) 587-0000
        Facsimile:    (918) 599-9317
        jessica.dickerson@mcafeetaft.com

        ***Attorneys for Defendant State Farm Fire and Casualty Company***