IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN MULLICAN AND )
KELLEY MULLICAN, )
 )
    *Plaintiffs*, )
 )
v. ) Case No. 5:23-cv-00160-G
 )
STATE FARM FIRE AND )
CASUALTY COMPANY, )
 )
    *Defendant*. )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:    May 3, 2023

Appearing for Plaintiffs:    Terry M. McKeever, Esq.
    Alec N Fraser, Esq.

Appearing for Defendant:    Andrew J. Morris
    McAfee & Taft A Professional Corporation

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    <u>Plaintiffs</u>: The Mullicans owned property (a home), the subject of this lawsuit, in Newalla, Oklahoma (the "Property"). The Mullicans insured the Property with State Farm under an insurance contract (the "Policy"). On or about October 15, 2020, the Property was severely damaged from a covered loss caused by fire. The Property sustained catastrophic fire damage, including burned walls and roof framing, burned roof shingles, and burned elevation finishes, along with severe interior fire, smoke, and water damage to the entire dwelling.

    After State Farm's initial adjustment, the Mullicans hired an engineer who found damage and loss omitted by State Farm. Although State Farm paid additional funds, it has not provided the full amounts due under the policy.

State Farm, in the plaintiffs' view, unreasonably adjusted the insurance claim for an amount below the covered damages after a biased, unfair, and inequitable evaluation of the plaintiffs' losses. By plaintiffs' calculation, the amount still owed to them under the policy exceeds $60,000.00. Plaintiffs allege they are entitled to contractual, tort, and punitive damages (more than $75,000.00).

Defendant: State Farm denies Plaintiffs' allegations. State Farm properly inspected Plaintiffs' property after Plaintiffs reported damage allegedly caused by a fire. State Farm determined the amount of covered damages and issued payments to or for Plaintiffs of more than $210,000 (after applying the relevant deductible and including amounts paid for Plaintiffs' temporary accommodations). Any dispute between Plaintiffs and State Farm was a result of reasonable and good-faith applications of the applicable insurance policy's provisions, including applicable exclusions, for which no bad-faith liability can attach.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a. The Mullicans insured the Property with Defendant for the period of November 1, 2019, to November 1, 2020 (Policy No. 36-BA-T910-7).

    b. Plaintiffs are residents of Oklahoma.

    c. Defendant is incorporated in Illinois with its principal place of business located in Illinois.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.  Plaintiff: Plaintiff alleges that Defendant breached the insurance policy it drafted and issued to Plaintiffs by failing to pay the full amount of damages sustained by the Property as a result of a covered cause of loss. Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing in handling the claim. Plaintiffs are entitled to compensatory and punitive damages.

b.  Defendant: State Farm has not asserted any claims against Plaintiffs. It reserves the right to seek attorneys' fees and costs as a prevailing party at the conclusion of this litigation.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?   No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    There are no pending motions at this time. State Farm anticipates filing a motion for summary judgment at or near the conclusion of the discovery period in accordance with the Scheduling Order issued by the Court.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? No. The parties anticipate making initial disclosures on or before May 6, 2023.

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on April 21, 2023.

    B. The parties anticipate that discovery should be completed within nine months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Six months.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        X Yes ☐ No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        X Yes ☐ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert

claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

The parties do not believe that there are any other discovery issues at this time. The parties may seek entry of an agreed protective order at a later time. The parties' counsel will work together on the terms for such an order prior to submission of a motion and proposed order to the Court if necessary.

9. **ESTIMATED TRIAL TIME**:   3-4 days.

10. **BIFURCATION REQUESTED**:   No

11. **POSSIBILITY OF SETTLEMENT**:   Good   X Fair   Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes   ☐ No

    B. The parties agree to hold private mediation after a reasonable time for discovery has occurred if such a session is likely to resolve the case.

13. Parties consent to trial by Magistrate Judge?   No

14. Type of Scheduling Order Requested. The parties request a Standard scheduling order.

Submitted this 26th day of April 2023.


　　　　　　　　　　　　　　　　　　　*/s/ Terry M. McKeever*
　　　　　　　　　　　　　　　　　　　S. Alex Yaffe, OBA #21063
　　　　　　　　　　　　　　　　　　　ay@fylaw.com
　　　　　　　　　　　　　　　　　　　Terry M. McKeever, OBA #21751
　　　　　　　　　　　　　　　　　　　tmm@fylaw.com
　　　　　　　　　　　　　　　　　　　Alec N. Fraser, OBA #
　　　　　　　　　　　　　　　　　　　Alec.Fraser@fylaw.com

FOSHEE & YAFFE LAW FIRM
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:  (405) 632-6668
Facsimile:   (405) 632-3036
*ATTORNEYS FOR PLAINTIFFS*


*s/ Andrew J. Morris*
*(electronically submitted by Plaintiffs' counsel with permission of the above-signed Defendant's counsel)*
Andrew J. Morris, OBA #31658
McAfee & Taft A Professional Corp.
Eighth Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  405-235-9621
Facsimile:   405-235-0439
andrew.morris@mcafeetaft.com
*ATTORNEYS FOR DEFENDANT*

5