AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| STEPHEN MULLICAN and KELLEY MULLICAN )<br>*Plaintiff* )<br>v. )<br>STATE FARM FIRE AND CASUALTY COMPANY )<br> )<br>*Defendant* ) | Civil Action No. 23-CV-00160-G |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Duane Smith c/o Bovini Consultants
P.O. Box 306, Bullard, TX 75757 and/or c/o Plaintiffs' counsel

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: DOCUMENTS AND THINGS DESCRIBED IN THE ATTACHED EXHIBIT "A: MAY BE PRODUCED VIA EMAIL, MAIL, OR OTHER DELIVERY SERVICE ON OR BEFORE THE DATE SPECIFIED BELOW.

| Place: McAfee & Taft, A Professional Corporation<br>211 N. Robinson Avenue, 8th Floor<br>Oklahoma City, OK 74102 | Date and Time:<br>02/19/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/05/2024

*CLERK OF COURT*

OR

_____           s/ Andrew J. Morris
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* State Farm Fire and Casualty Company , who issues or requests this subpoena, are:
Andrew J. Morris, OBA # 31658, McAfee & Taft, 211 N. Robinson Ave., 8th Floor, Oklahoma City, OK 73102,
andrew.morris@mcafeetaft.com, 405-235-9521

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-CV-00160-G

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

1.  The terms "You", "Your" and "Yours" shall mean **Duane Smith and/or Bovini Consultants**, as well as his/its/their employees, agents, representatives, and all persons acting on or purporting to act on his/its/their behalf, as well as any other associated entities.

2.  The terms "Stephen Mullican," "Kelley Mullican," and/or "Plaintiffs" shall mean the Plaintiffs in this action, Stephen and Kelley Mullican, individuals which previously owned a home and real property with an address of **6000 Country Ridge Lane, Newalla, OK 74857-8339**.

3.  The terms "document" and "documents" shall be used in the broadest sense and shall mean and include, but not be limited to: all writings of any kind, nature and character, whether handwritten, typed, printed or capable of derivation from stored information, computer data, recorded or graphic matter of every kind and description, and all attachments and appendices thereto, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise. Without limiting the foregoing, the term "document" or "documents" shall include, but not be limited to: computer disks or printouts, worksheets, ledgers, journals, agreements, affidavits, letters, brochures, charts, transcripts of testimony, witness statements, pleadings, motions, correspondence, memoranda, notes, diaries, diary entries, interoffice and intraoffice communications, messages, notations of any sort, notations of conversations, reports, written opinions, expert opinions, studies, checks, statements,

receipts, returns, summaries, literature, pamphlets, books, calendars, calendar entries, appointment books, circulars, and/or tangible things. Without limiting the foregoing, the term "document" or "documents" shall specifically include scientific documents and data which shall include, but not be limited to: engineering research, trials or tests, statistical process control results, time studies, statistical analyses, newspaper articles, textbooks, learned treatises, published treatises, periodicals, pamphlets, scientific articles, scientific journals, engineering articles, engineering journals. Searches or any other similar documents generated by a computerized research request, government publications, and publications by national and international engineering organizations and agencies, including but not limited to and any and all documents from professional engineering organizations or societies.

4. The terms "and" and "or" as used in the Definitions and Requests herein shall be construed either conjunctival or disjunctively as required by the context to bring within the scope of the request any information which might be deemed outside its scope by another construction.

## DOCUMENTS TO BE PRODUCED[1]

1. All documents concerning your professional qualifications, including, but not limited to any resume or curriculum vitae.

---

[1] Please produce all responsive documents or tangible items, regardless of form (e.g., hard copies, electronic records, etc.). This subpoena does not request materials protected from disclosure by Federal Rule of Civil Procedure 26(b)(4)(B).

2

2. All documents concerning your license.

3. All documents including photographs, diagrams, sketches, estimates, notes, surveys, quotes, office notes, or memoranda made in connection with or pertaining to the home and/or real property located at **6000 Country Ridge Lane, Newalla, OK 74857-8339**. This includes, but is not limited to, documents and/or communications regarding or relating to any inspections, audits, evaluations, certifications, or reviews You performed at the home and/or real property located at **6000 Country Ridge Lane, Newalla, OK 74857-8339**

4. All documents or reports prepared, received and/or reviewed by you including, but not limited to depositions reviewed by you in connection with any opinions concerning the home and/or real property located at **6000 Country Ridge Lane, Newalla, OK 74857-8339**.

5. Copies of all scientific literature to which you refer in your opinion(s).

6. All documents, materials, or other information regarding Plaintiffs or anyone else which were provided to you in relation to your work regarding the subject property in this litigation.

7. The entire contents of your file(s) pertaining to the above-entitled and numbered proceeding.

8. All documents which you have published or which you have submitted for publication or which have been published with you as an author or co-author on any subject of physical engineering, including, without limitation, all abstracts, papers, reports, data,

documentation, or any other writings used in support of any findings made therein within the last 10 years.

9. True and correct copies of any and all testing, charts, diagrams, reports, articles or any other documentation whatsoever on which you relied, or are relying, in forming your opinion(s) in this matter.

10. All correspondence which was prepared, signed, sent, received, drafted and/or delivered by you, or any other person, which pertains or refers to your involvement in the above-referenced action.

11. All transcripts of any testimony which you have given either by way of deposition or in trial in any case within the last 10 years.

12. All opinions, or any other documents signed by any judge, where your qualifications as a purported expert witness have been rejected by a judicial or administrative tribunal.

13. All documents concerning any criminal charges against you, other than traffic offenses within the last 10 years.

14. All documents, including all judicial pleadings, concerning any malpractice or professional negligence cases against you.

15. All documents concerning any charges or investigations by an society or licensing authority or agency relating to you.

16. All documents related to any publications, speeches, papers or presentations made by you to any attorney groups, said attorney groups to include, but without limitation, any group of trial attorneys, any group of attorneys for a seminar, any group of

4

professionals where attorneys were present, or any group relating to any subject concerning science and/or law, including, but not limited to engineering within the last 10 years.

17. All document including, but not limited to, pamphlets and brochures, relating to you as an expert witness.

18. All advertising documents relating to any referrals of you as an expert witness, said documents to include contracts or any other agreements with any institutions, agencies, employment concerns or consortiums relating to your placement as an expert witness.

19. A copy of any and all computer data file or files used by you for the purposes of analyzing any matters related to this case.

20. Any documents or other materials relating to any standards, statutes, codes, recommended practices or usages, or regulations concerning the property at issue, or any other materials that support the opinions that you have given or might give on the home and/or real property located at **6000 Country Ridge Lane, Newalla, OK 74857-8339**.

21. All visual aids, slides, graphs, or demonstrative objects that you might use to express, explain, or otherwise support any opinions.

22. All assignment letters from any of the plaintiffs' counsel in the subject litigation.

23. All billing records, invoices, and records of payment (whether made, outstanding, or anticipated) relating to Plaintiffs or the home and/or real property located at **6000 Country Ridge Lane, Newalla, OK 74857-8339**.