IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN MULLICAN AND KELLEY MULLICAN,<br><br>   Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br> CASUALTY COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-23-160-G<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STRIKE EXPERT WITNESS'S TESTIMONY AND ANY RELIANCE ON HIS OPINIONS WITH BRIEF IN SUPPORT**

Defendant State Farm Fire and Casualty Company ("State Farm") requests that the Court strike Chad Williams's designation as a non-retained expert witness in this case and disallow any testimony or documents which Plaintiffs attempt to offer from Mr. Williams or Valor Forensic Engineering, as well as any testimony or evidence which relies on his determinations and opinions. In support, State Farm states as follows.

**BRIEF IN SUPPORT**

**INTRODUCTION AND BACKGROUND**

Plaintiffs have asserted claims for breach of contract and breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim) against State Farm following an insurance claim for a fire loss that impacted a portion of their dwelling. State Farm denies Plaintiffs' allegations, having paid Plaintiffs all amounts owed to them across multiple coverage types during the course of claim-handling: in excess of $215,000. Additionally, almost $90,000 was available to Plaintiffs in replacement cost benefits, but Plaintiffs willingly failed to act

as required to receive such benefits under the insurance policy because they failed to repair their home (choosing instead to sell it) and they failed to replace any of their personal property as required to receive the withheld depreciation amounts for the same.

Mr. Williams's involvement began during the insurance claim. Plaintiffs retained Valor Forensic Engineering via its principal, Mr. Williams, to produce a report regarding their loss. *See* **Ex. 1**, Williams Report. State Farm received the Williams Report from Plaintiffs, but it determined that all recommendations included therein for which coverage existed already were included within the scope of work in State Farm's estimate—meaning payment already had been issued to Plaintiffs or would be issued after the work was completed, in accord with the Policy's terms. After this litigation was filed, Plaintiffs designated Mr. Williams (as a representative of Valor Forensic Engineering) as a non-retained expert witness. *See* Pls.' Designation of Expert Witnesses, ECF No. 23. Accordingly, State Farm endeavored to conduct discovery regarding Valor Forensic Engineering and Mr. Williams.

*First*, State Farm's counsel issued a subpoena duces tecum to Valor Forensic Engineering. *See* Notice of Document Subpoenas Duces Tecum, ECF No. 21. The subpoena duces tecum was served on Valor Forensic Engineering, but no documents were provided to State Farm by the included deadline. State Farm's counsel reached out to Mr. Williams to follow-up on the required document production, but Mr. Williams insisted to State Farm's counsel that all communications and actions involving him should go through Plaintiffs' counsel exclusively. After that, State Farm's counsel complied with Mr. Williams's wishes and endeavored to work with Plaintiffs' counsel when issues involving

Mr. Williams arose. Eventually, documents were produced via Plaintiffs' counsel in response to the subpoena duces tecum issued to Valor Forensic Engineering.

*Second*, State Farm attempted to schedule a deposition of Mr. Williams as the Rule 30(b)(6) representative of Valor Forensic Engineering and as Plaintiffs' identified non-retained expert witness via agreement between counsel. Upon being unable to do so via agreement, State Farm's counsel issued a Rule 30(b)(6) deposition subpoena to Valor Forensic Engineering on February 8, 2024—for a deposition to occur on February 23rd. *See* **Ex. 2**, Deposition Subpoena. Because Mr. Williams previously had informed State Farm's counsel that all communications and actions regarding him should occur via Plaintiffs' counsel, the deposition subpoena was served on Plaintiffs' counsel via both mail and email on February 8th. *See* **Ex. 3**, Email from Morris to McKeever (Feb. 8, 2024). As an extra precaution, State Farm also mailed a copy of the deposition subpoena directly to Valor Forensic Engineering. There is no question that Valor Forensic Engineering did, in fact, receive a copy of the deposition subpoena. *See* **Ex. 4**, Certified Mail Receipt. On the indicated deposition date of February 23rd, no witness appeared. *See* **Ex. 5**, Dep. Tr.[1] No request was made by Mr. Williams, by Plaintiffs, or by anybody else to schedule the deposition for a different time, and no motion to quash or for protective order has been filed.

---

[1] The transcript indicates that the meeting was via Zoom only because Plaintiffs' counsel appeared via videoconference. But the deposition subpoena issued to Mr. Williams called for his in-person appearance, and counsel for the parties had agreed to hybrid deposition with Mr. Williams and Defendant's counsel both being in person with the reporter.

3

Following Mr. Williams's non-appearance, State Farm's counsel communicated with Plaintiffs' counsel to inquire whether Plaintiffs' counsel could suggest a fair remedy to the situation which did not require the Court's involvement. *See* **Ex. 6**, Email from Morris to McKeever (Feb. 23, 2024). Plaintiffs' counsel did not respond. Further, despite being told by Mr. Williams that communications regarding him should be with Plaintiffs' counsel, Plaintiffs' counsel now has informed State Farm that they have no means by which to make Mr. Williams appear and that they have had only limited contact with Mr. Williams—despite disclosing him as one of their expert witnesses.

## ARGUMENTS AND AUTHORITIES

The Court has the inherent authority to control the witnesses and evidence presented at trial. Because Mr. Williams is a non-retained expert witness designated by Plaintiffs, he is not required to provide a report pursuant to Rule 26(a)(2)(B). Thus, the only way for State Farm to learn the breadth of his possible trial testimony, ensure that all materials due to State Farm in response to its subpoena duces tecum have been provided, and to otherwise question the methodology he employed in reaching his opinions is via deposition. *See Croy v. Ravalli Cnty.*, No. CV 19-77-M-DWM, 2020 WL 6111098, at *2 (D. Mont. Oct. 16, 2020) (indicating that non-retained expert witnesses are subject to being deposed and excluding testimony from a non-retained expert witness when he appeared for two depositions but refused to answer questions regarding his expert opinions).

While there does not appear to be a single standard of decision for these unique circumstances—i.e., non-appearance of a non-retained expert witness for his deposition after valid service of a subpoena on the same and with no apparent ability for the party

4

proffering the witness's testimony to arrange for a deposition—the closest available standard which has been identified by the undersigned counsel comes from *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985 (10th Cir. 1999). There, the Tenth Circuit considered whether a plaintiff's damages theory should have been excluded at trial due to the failure of the plaintiff to disclose it to the defendant during discovery. *See id.* at 992. Terming the non-disclosure a "Rule 26(a) violation," the court identified four factors to guide a district court's decision of whether evidence or testimony should be excluded:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 993 (quotation marks and citations excluded). Subsequently, these factors have been applied by district courts in determining whether to exclude expert witnesses due to a party's or witness's failure to comply with discovery obligations when such failures were not harmless.

Here, the *Woodworker's Supply* factors counsel for exclusion of Mr. Williams's report and testimony, as well as exclusion of any mention of or reliance by Plaintiffs or their witnesses on the information and opinions included therein. **<u>First</u>**, State Farm would be prejudiced by being unable to inquire of Mr. Williams regarding all bases for his opinions and his process for reaching them, as well as to develop potential avenues for impeachment of Mr. Williams via deposition prior to trial. Indeed, "[t]o allow [a witness who has been disclosed as a non-retained expert] to give opinion testimony without

5

permitting [the] defendant to explore the basis for those opinions [via deposition] would be to ignore the application of Rule 26 as to not just expert witnesses but to all witnesses." *Sununu v. Philippine Airlines, Inc.*, Civ. No. 98-1192 (HHK/JMF), 2010 WL 3927601, at *2 (D.D.C. Oct. 4, 2010).

State Farm recently deposed Ian Rupert, a public adjuster hired by Plaintiffs during their insurance claim whom Plaintiffs also disclosed as a non-retained expert witness. During Mr. Rupert's deposition, he disclosed opinions which he will seek to offer at trial and which went well beyond any opinion he had expressed during the pendency of the insurance claim pre-litigation. Without conducting Mr. Rupert's deposition, State Farm would have been unaware of these proposed opinions and would have been unable to pre-emptively seek to limit them (as State Farm has done in its *Daubert* motion regarding Mr. Rupert, ECF No. 35). The same is true of Mr. Williams.

It is impossible for State Farm to know whether Mr. Williams intends to offer "substantially more information than was presented in [his during-claim-handling] report" without his deposition. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Mr. Rupert certainly expanded his proposed opinions beyond his pre-litigation statements. And the chance that Mr. Williams will do the same, alone, is prejudicial to State Farm and its ability to prepare for trial. Thus, a deposition is vital to State Farm's ability to prepare for a trial that includes Mr. Williams or any reliance on his work. *Cf. Sununu*, 2010 WL 3927601, at *2 ("[E]ven non-retained experts are subject to deposition as fact witnesses, if not the reporting requirements of Rule 26(a)(2)(B).").

As is well-accepted, "[m]odern instruments of discovery serve a useful purpose, . . . . [to] make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citations omitted). But forcing State Farm to cross-examine Mr. Williams at trial without knowing in advance what all of his opinions will be would go against the modern trend toward greater pre-trial transparency regarding evidence—especially when State Farm properly subpoenaed Mr. Williams for a deposition at which he did not appear without any explanation.

Further, Mr. Williams's failure to appear for his deposition has impacted State Farm's ability to seek exclusion, if proper, of Mr. Williams under the *Daubert* standard. As Judge Friot has recognized, a party is entitled to "orderly proceedings with respect to a *Daubert* challenge to [an] expert[ witness's] proposed expert testimony." *Carter v. Kirk*, No. CIV-09-333-F, 2010 WL 11506009, at *3 (W.D. Okla. Mar. 8, 2010). Here, such "orderly proceedings" (*id.*) include a deposition of the proposed expert witness—Mr. Williams as the representative of Valor Forensic Engineering.

Moreover, the inability to depose Mr. Williams impacts State Farm's ability to ensure that it has received all relevant documents from Mr. Williams pursuant to the subpoena duces tecum that it previously issued to him. While the production received by State Farm in response to the subpoena duces tecum issued to Valor Forensic Engineering was 230 pages (about half of which were photographs), it did not contain some items that one would expect to be included, including—notably—a copy of the report that Mr. Williams issued during the insurance claim. Because of this unusual omission, additional

7

questioning of Mr. Williams with regard to the completeness of his production is more necessary in this case than it might be in some others, when the same doubts with regard to document production would not have been raised by a similarly suspiciously-small set of documents.

**_Second_**, there is no ability of Plaintiffs to cure the prejudice which exists. Plaintiffs' counsel has now represented to State Farm's counsel that they have had limited contact with Mr. Williams and that they are unable to procure his attendance at a deposition. But, when State Farm's counsel contacted Mr. Williams to follow-up on necessary document production, he directed that communications and requests regarding the lawsuit needed to be funneled through Plaintiffs' counsel. Thus, State Farm is left with no remedy or even consistent messages regarding who to communicate with. Mr. Williams says that State Farm needs to communicate with Plaintiffs' counsel, but Plaintiffs' counsel says they have no ability to produce Mr. Williams for a deposition. The only solution is to exclude Mr. Williams's testimony and opinions entirely.

**_Third_**, for the same reasons explained with regard to the first point above, introducing Mr. Williams's testimony or any evidence based on his opinions or findings would disrupt trial because of the inability of State Farm to properly prepare for such testimony and opinions. Mr. Williams must either defend his opinions and methods before the jury while being subject to prepared cross-examination to allow jurors to evaluate his credibility and trustworthiness or his opinions should not be presented or relied on by any witness at all. Here, the former is not possible.

Moreover, even if Plaintiffs were able to produce Mr. Williams for a deposition as a representative of Valor Forensic Engineering at this time, State Farm would be unable to depose him and prepare any necessary *Daubert* motion by the Court's deadline. *See* Amended Scheduling Order, ECF No. 25 (setting a *Daubert* motion deadline of March 1, 2024).[2] Indeed, adding the deposition of Mr. Williams at this point in the pre-trial schedule would require a full-scale reworking of the Court's remaining deadlines. State Farm has acted diligently in attempting to procure the deposition of Mr. Williams, first via communications with Plaintiffs' counsel[3] and, later, by issuing a deposition subpoena and serving it on Valor Forensic Engineering. It should not be forced to now contend with a delay which is not its fault. *See Carter*, 2010 WL 11506009, at *3 (recognizing that postponing a trial to cure an issue created by an expert witness "would clearly 'disrupt the

---

[2] State Farm was granted a one-week extension of the *Daubert* motion deadline for one of Plaintiffs' other expert witnesses, Duane Smith. *See* Order of Feb. 21, 2024, ECF No. 33. This was a result of Mr. Smith's recent illness, due to which the parties worked together to find a solution and reschedule his deposition. However, State Farm assumes that the Court is not willing to extend additional deadlines, especially when there is no indication that Mr. Williams can be made to appear for a pre-trial deposition by Plaintiffs, and Mr. Williams has not provided a legitimate excuse (or any excuse) like Mr. Smith did. *See Carter*, 2010 WL 11506009, at *1 (declining to reconfigure the Court's scheduling order due to the non-production of expert reports by a party according to the assigned deadline).

[3] State Farm's counsel sought available dates for the deposition of Mr. Williams on January 18, 2024 via communication with Plaintiffs' counsel—then by following up and asking Plaintiffs' counsel again on January 24th, on January 31st (via multiple emails), and on February 5th after originally being told by Plaintiffs' counsel that they would arrange for the deposition. The subpoena was then issued by State Farm's counsel on February 8th, when State Farm could no longer wait to see if it would receive available dates for the deposition.

trial'" under the third *Woodworker's Supply* factor (quoting *Woodworker's Supply*, 170 F.3d at 993)).

***Finally***, State Farm is not ascribing any bad faith or willfulness to Plaintiffs or their counsel with regard to the instant circumstances regarding Mr. Williams. But, despite this fact, their inability to produce Mr. Williams prior to trial has led to the problem that now exists. And this factor need not be "a predominant factor" for an expert witness to be excluded. *Id.*; *see also Jacobsen*, 287 F.3d at 954 (indicating that "good faith alone" is not necessarily "enough to overcome the other factors"). Accordingly, Mr. Williams's testimony, his previously-issued report, and any testimony or reference to his opinions, work, or report should be excluded from trial.

## **CONCLUSION**

State Farm respectfully requests that the Court strike Chad Williams's designation as a non-retained expert witness for Plaintiffs and disallow any testimony or documents which Plaintiffs attempt to offer from Mr. Williams or Valor Forensic Engineering, as well as any testimony or evidence which relies on his determinations and opinions.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Peyton S. Howell, OBA #33917
McAfee & Taft, a Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:  (405) 235-9621
Facsimile:   (405) 235-0439
andrew.morris@mcafeetaft.com
peyton.howell@mcafeetaft.com

*and*

Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:      (918) 587-0000
Facsimile:       (918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***